IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : : : : | |
| Plaintiff | : : | Case No. 3:05-CV-1468 |
| v. | : : | Judge Jones |
| TRACEY CHRZAN, Individually and as Executrix of the Estate of Stanley Chrzan, deceased | : : : | |
| Defendant | : | |

**ORDER**

**November 8, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Complaint for Declaratory Judgment ("the Motion") (doc. 6) filed by Defendant Tracey Chrzan, Individually and as Executrix of the Estate of Stanley Chrzan ("Defendant"). For the reasons that follow, Defendant's Motion is granted.

<u>**PROCEDURAL HISTORY:**</u>

The Plaintiff, State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm") initiated this action by filing a complaint against Defendant in the United States District Court for the Middle District of

Pennsylvania on July 21, 2005. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as the parties are of diverse citizenship and the amount in controversy is over $75,000.

In the Complaint, Plaintiff seeks a declaration that it is not liable for any underinsured motorist coverage under any State Farm Policy for the accident of November 19, 2002.

On August 30, 2005, Defendant filed the instant Motion pursuant to Fed. R. Civ. Pro. 12(b)(6) and 12(b)(1). The Motion has been fully briefed by the parties and is therefore ripe for disposition.

**STANDARD OF REVIEW:**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

In contrast, "a Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." Gould Elecs., Inc. v. United States, 220 F. 3d 169, 178 (3d Cir. 2000)(citing Mortenson. v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)) . "In reviewing a facial attack, the court must only consider the allegations of the complaint and the documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F. 2d 1192, 1196 (3d Cir. 1993)). In reviewing a factual attack, the court may consider evidence outside the pleadings. Id. (citing Gotha v. United States, 115 F. 3d 176, 178-179 (3d Cir. 1997)). The parties' motion papers and briefs indicate that this motion is a facial attack on this Court's jurisdiction, and therefore we will consider only the pleadings, and do so in the light most favorable to the Plaintiff.

**FACTUAL BACKGROUND**:

This action arises out of a motor vehicle accident which took place on November 19, 2002 in Clifford Township, Susquehanna County, Pennsylvania. (Rec. Doc. 1 at 2). Stanley Chrzan was operating a vehicle owned by him when he

was struck by a vehicle owned by The Cook Brothers Companies, Inc., d/b/a Triple Cities Mack Sales and Service, and operated by Jason T. Holbert. ("Holbert")(Rec. Doc. 1 at 2).  Stanley Chrzan died as a result of injuries sustained in the accident. Holbert was at fault for the accident. (Rec. Doc. 1 at 2).

At the time of the accident, the vehicle owned by Cook Brothers and operated by Holbert was insured under two insurance policies that provided liability coverage for the accident.  One policy provided $500,000.00 (five hundred thousand dollars) in primary liability coverage and the other provided $5,000,000.00 (five million dollars) in excess liability coverage. (Rec. Doc. 1 at 2). Also, on the date of the accident, decedent Stanley Chrzan was an insured under two policies of automobile insurance issued by Plaintiff, providing a total of $150,000 in underinsured motorist coverage ("UIM coverage").

A lawsuit filed by Defendant proceeded to a binding assessment of damages before the Honorable Trish Corbett of the Lackawanna County Court of Common Pleas.  By Order dated September 1, 2004, Judge Corbett found in favor of the Defendant in the amount of $1.8 million dollars.  The lawsuit was ultimately settled in exchange for payment under the two applicable liability policies totaling $1.275 million dollars, comprising the entire balance of the primary liability limits of $500,000 (five hundred thousand dollars), and the balance from the excess

liability coverage.  Thus, it is not disputed that the primary liability limits were exhausted, but the excess liability limits were not.  Moreover, an issue exists as to whether Defendant properly obtained State Farm's consent to settle with the tortfeasor.  These circumstances give rise to the instant dispute.

**DISCUSSION**:

Defendant argues that her Motion must be granted because this Court does not have jurisdiction over this matter pursuant to the applicable State Farm insurance policy.  Defendant argues that the issues of (1) whether a vehicle is an underinsured vehicle under the Motor Vehicle Financial Responsibility Law ("MVFRL") and ( 2) whether Defendant's claim for underinsured benefits is in violation of the exhaustion and "consent to settle" provisions of the policy must be decided by an arbitrator as provided by the Defendant's automobile insurance policy with State Farm.

"Arbitrability depends upon the intention of the contracting parties as expressed in the chosen language." Metropolitan Property and Liability Ins. Co. v. Streets, 856 F.2d 526, 528 (3d. Cir. 1988).  The policy language largely at issue reads:

Deciding Fault and Amount - Coverages U, U3, W and W3

Two questions must be decided by agreement between the *insured* and us:

> 1. Is the *insured* legally entitled to collect compensatory damages from the owner or driver of an *uninsured motor vehicle* or *underinsured motor vehicle*; and
>
> 2. If so, in what amount?
>
> If there is no agreement, these two questions shall be decided by arbitration at the request of the *insured* or us.  The arbitrator's decision shall be limited to these two questions.

(Rec. Doc. 1, Ex. A at 3).   Under the State Farm policy, underinsured motorist coverage does not apply unless "all bodily injury liability bonds and polices that apply" have been exhausted.  Further, the "consent to settle" clause in the State Farm policy prohibits the application of underinsured motorist coverage if a claimant settles, without State Farm's consent, with any person or organization who may be liable for the bodily injury.  (Rec. Doc. 1, Ex. A at 5).

To resolve the instant motion, we must decide whether or not it is within the jurisdiction of an arbitration panel to decide whether a vehicle is an underinsured motor vehicle.  Our reading of the applicable case law reveals the existence of a precedent among the Pennsylvania courts, both federal and state, to submit disputes arising under uninsured motorist policy clauses to arbitration, which logically extends to situations involving underinsured coverage.  We shall summarize the cases that guide our decision today.

In <u>National Grange Mutual Insurance Company v. Kuhn</u>, 428 Pa. 179

(1968), the Pennsylvania Supreme Court held that it was the province of an aribtrator to decide the question of whether a party to a motor vehicle accident was uninsured. In <u>Kuhn,</u> the policy at issue contained an arbitration clause with language similar to the clause presently before the Court. In pertinent part, the clause in <u>Kuhn</u> provided for arbitration if the claimant and the carrier did not agree that the claimant was "legally entitled to recover damages from the owner or operator of an uninsured highway vehicle." <u>Kuhn</u>, 428 Pa. at 182. The Supreme Court agreed with Appellant's conclusion that "any dispute arising under the uninsured motorist coverage must be submitted to arbitration." <u>Id.</u> at 183.

Following the <u>Kuhn</u> decision, the Pennsylvania Superior Court held that "the only time a court will resolve an issue arising under an uninsured motorist clause with an arbitration provision is when a particular portion of the clause is challenged as being contrary to a constitutional, legislative or administrative mandate, or as being against public policy, or as being unconscionable." <u>Gross v. State Farm Insurance Company</u>, 1986 U.S. Dist. LEXIS 27253 (E.D. Pa. 1986)(citing <u>White v. Concord Mutual Insurance Company</u>, 296 Pa. Super 171, 175 (1982)). No such challenge exists in the case at bar.

The United States District Court for the Eastern District of Pennsylvania dealt with a similar legal issue to the case <u>sub judice</u> in <u>Travelers Indemnity Co. v.</u>

Eleanor Greenfield, Administratrix, et al., 1990 U.S. Dist. LEXIS 498 (E.D. Pa. 1990). The District Court held that the question of whether the vehicle at issue was uninsured was arbitrable, and not within the jurisdiction of the District Court. The policy language at issue in Travelers is strikingly similar[1] to the language at issue in the case sub judice, stating, in pertinent part, "If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for Arbitration." Id. at *10. The Court likened the Travelers arbitration provision to the provision in Kuhn, holding that "such clauses commit all issues to arbitration absent specific contractual language or other compelling evidence to the contrary." Id.

It is our opinion that the question of whether the vehicle driven by Holbert is underinsured should not to be decided by this Court, but rather must be properly decided before a panel of arbitrators, recognizing that arbitrators are likely to be highly skilled and experienced lawyers who will undoubtedly have the ability to decide the legal questions presented. Whether Defendant's claim for underinsured

---

[1] We pause to note that although Kuhn and Travelers dealt specifically with uninsured motorist coverage, we recognize that the instant case involves underinsured motorist coverage. However, the distinction between the two types of coverage does not affect our conclusion that the import and rationale of these holdings can be extended to similar cases involving underinsured coverage.

benefits is in violation of the exhaustion and consent to settle provisions of the State Farm policy are logical sub-parts to the larger analysis of whether the vehicle driven by Holbert is underinsured and therefore these are proper issues to be decided by arbitration. As previously noted, we apply Pennsylvania law in deciding this matter, and are thus guided by the strong precedent of the courts of the Commonwealth in arriving at this decision.

We will finally note that the evident purpose of arbitration clauses in insurance policies is to alleviate the costs of litigation by utilizing alternative dispute resolution. As such, it is only logical for us to read policy provisions such as those at issue here in a way which favors the implementation of arbitration to settle disputes of this type. Having drafted language which imposes arbitration upon its insured in nearly every conceivable dispute, we find State Farm's argument that it should be excused from that requirement in this instance to be unavailing. Indeed, it appears to us to be a version of forum shopping which we will not countenance, and accordingly we will enter judgment for the Defendant.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant's Motion (doc. 6) is GRANTED.
2. This case is REFERRED to arbitration, as outlined in the applicable policy.

3.      The complaint (doc. 1) is DISMISSED.

4.      The Clerk of Court is directed to close the file on this case.


<u>s/ John E. Jones III</u><br>
John E. Jones III<br>
United States District Judge